Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6227 | **DATE** | 9/5/2002 |
| **CASE TITLE** | LABORERS' PENSION FUND, et al vs. LOUCON CONSTRUCTION, INC.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/27/02 at 9:30A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court rejects plaintiff's objections to Magistrate Judge Rosemond's September 28, 2001 Minute Order and accepts his ruling vacating the default judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 100 |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


SEP 0 9 2002

LABORERS' PENSION FUND, and )
LABORERS' WELFARE FUND OF )
THE HEALTH AND WELFARE )
DEPARTMENT OF THE CONSTRUCTION )
AND GENERAL LABORERS' DISTRICT )
COUNCIL OF CHICAGO AND VICINITY, )
)
          Plaintiffs, )
)
v. ) Judge Ronald A. Guzmán
)
LOUCON CONSTRUCTION, INC., a Dissolved ) 98 C 6227
Illinois Corporation, and CHRIS TYNAN, )
Individually, )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Laborers' Pension Fund, et al. ("LPF") has sued defendants, Loucon Construction, Inc. ("Loucon") and Chris Tynan ("Tynan"), individually, alleging that Tynan engaged in "under the table" cash transactions with employees in order to avoid payment of funds to the Laborers' Pension Fund and Laborers' Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity. Plaintiffs object to Magistrate Judge Rosemond's 9/28/01 Minute Order vacating a default judgment. For the reasons stated below, the Court rejects plaintiff's objections and adopts Magistrate Judge Rosemond's order vacating the default judgment was proper.

## FACTS

Plaintiffs brought this action alleging that defendants paid employees "under the table" in cash so as to avoid payment to the LPF. (Pls.' Mem. Supp. Objs. Mag. Judge Rosemond's 9/28/01 Order Vacate Default, at 2, 3 ("Pls.' Supp. Objs. 9/28/01 Order")). Plaintiffs served their first written discovery requests on defendants on March 17, 2000. (*Id.* at 3.) Defendants then responded to the requests on April 26, 2000. (*Id.*)

Plaintiffs found defendants' discovery responses to be inadequate and filed two motions to compel which were consolidated in front of the magistrate judge and granted on July 11, 2000. (*Id.* at 4.) Defendants then filed a motion to reconsider or vacate the motion to compel, which was rejected, and then filed an amended response to plaintiffs' discovery request on October 6, 2000. (*Id.*) Defendants again supplemented their response to plaintiffs' discovery requests on November 10, 2000. (Defs.' Resp. Pls.' Objs. Mag. J. Rosemond's 9/28/01 Order Vacate Default, at 5 ("Defs.' Objs. 9/28/01 Order")). Plaintiffs state that since November 16, 2000, defendants supplemented their responses two additional times, but that canceled checks and tax and income information are still missing. (Pls.' Supp. Objs. 9/28/01 Order, at 7.)

Defendants explain that they have given all of the requested documentation that is in their possession. (Defs.' Objs. 9/28/01 Order, at 10.) Since the canceled checks were never returned to Tynan, defendants argue that the checks are not in their possession, but in the bank's possession. (*Id.* at 11.) Additionally, defendants provide both their letter to defendants' accountant, Daniel Gridley, as well as documentation on his subsequent disbarment to explain why some tax information is not available. (*Id.* at 6.) Neither side has reached Mr. Gridley, and he has failed to respond to subpoenas mandating his appearance in court. (Tr. Prove-Up Hr'g

Mag. J. Rosemond 12/5/00, at 58-59.) Lastly, defendants explain that their November discovery responses were late because the sole-owner of Loucon, Tynan, was in the hospital with herniated disks and in physical therapy and was, therefore, unable to respond until November 8, 2000. (Defs.' Objs. 9/28/01 Order, at 9.)

## DISCUSSION

28 U.S.C. § 636(b)(1)(C) requires that, when determining dispositive motions, a district court judge "make a *de novo* determination of those portions of the [magistrate judge's recommendation] to which the objection is made." The term dispositive refers to eight listed exceptions in 28 U.S.C. § 636(b), in particular the exception involving involuntary dismissal of an action. *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

The standard of review for default judgment under Rule 60(b) is the same as that of Rule 55(c). *Pretzel & Stouffer Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 250 (7th Cir. 1990)). The court, in its own discretion, may set aside an entry of default for good cause shown. FED. R. CIV. P. 55(c). The defaulting party must show that there is a reasonable explanation for the default that does not evidence willfulness. *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 678 (7th Cir. 1987). The defaulting party, therefore, must demonstrate that the default resulted from "mistake, inadvertence, surprise, or excusable neglect . . . ." *Id.* at 676; *see also Gable v. Birmingham Fire Ins. Co. of Pa.*, No. 93 C 20226, 1994 WL 97721, at *2 (N.D. Ill. Mar. 22, 1994) (holding vacatur improper where party willfully and carelessly abdicates its responsibilities to suit).

As the record indicates in this case, defendants attempted to comply with the plaintiffs' discovery requests three times on or before November 16, 2000, and on plaintiffs' own

3

admission, defendants have supplemented their responses twice since. (Pls.' Supp. Objs. 9/28/01 Order, at 3, 4, 7.) Defendants, therefore, have demonstrated a willingness to comply with plaintiffs' request, and have also shown a degree of promptness in that they have responded at least three times to plaintiffs' continuing requests over the course of eight months. (*Id.*) Additionally, on plaintiffs' own admission, defendants have complied, albeit late, with the Court's Order regarding discovery. (*Id.* at 2.) The record attests, therefore, to the fact that defendants have attempted to fully comply with the discovery requests in a reasonable time and without willful conduct.

Additionally, though defendants have responded late to some of the requests, they have supplied all the information that they have at their disposal and have provided plaintiff with reasonable explanations for the incompleteness of their responses to plaintiffs' discovery requests. For instance, defendants subsequently supplied plaintiffs with an unredacted copy of Exhibit A, the deposit information for Tynan, as well as a reasonable explanation from Tynan detailing the differences between the two documents. (Defs.' Exs. Resp. Pls.' Objs. Mag. J. Rosemond's 9/28/01 Order ("Defs.' Exs."), Exs. 14, 15.) Furthermore, defendants reasonably explain the delay in gathering some of the employment records due to the fact that the sole officer of the company, defendant Tynan, was hospitalized shortly before the discovery deadline of November 10, 2000. (Defs.' Objs. 9/28/01 Order, at 9.) Lastly, defendants also show that some tax and income documents are unavailable due to the inability to get in contact with defendant's former accountant, Daniel Gridley. (*Id.* at 6; Defs.' Exs. 11, 12.) Therefore, it appears that defendants have sufficiently and reasonably explained the reasons for their default. There is no evidence of willful conduct on defendants' part.

Aside from that, the nature of the allegations in this case, *i.e.*, "under the table" cash transactions between the employer and the employee, do not allow for accessible documentation regarding the payments. Though plaintiffs assert that there are still other documents regarding income and employee hours that they need, they have shown little or no affirmative evidence that such documents even exist. (Pls.' Supp. Objs. 9/28/01, at 7.) Meanwhile, defendants have continued to assert that they do not exist and that the canceled checks plaintiffs want are not in the possession of Tynan but instead the bank. (Defs.' Objs. 9/28/01 Order, at 11.) As has been previously stated by Magistrate Judge Rosemond's September 28, 2001 order vacating the default judgment, the Court cannot hold defendants responsible for documentation that does not exist, especially when plaintiff has failed to show existence of the material in defendants' possession.

Therefore, defendants have established good cause for their default. The record reveals no showing of willful conduct on their part, and evidences reasonable explanations for defendants' default.

## CONCLUSION

For the reasons stated above, the Court rejects plaintiff's objections to Magistrate Judge Rosemond's September 28, 2001 Minute Order and accepts his ruling vacating the default judgment.

**SO ORDERED**  ENTERED: 9-5-02

HON. RONALD A. GUZMAN
United States Judge